CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent, vs. CITY OF RACINE, imp., Appellant.

*September 30—October 18, 1904.*

*Railroads: Taxation: Exemption: Former adjudication: Conclusiveness: Trial: Admission of evidence.*

1. In an action to set aside certain taxes levied on plaintiff's lands, it appeared, among other things, that in a former action between the same parties and involving, in part, the same lands, the court found that such lands constituted portions of the right of way, depot grounds, railroad and terminal yards belonging to the plaintiff; that the lands, with the tracks, depots, and terminal yards thereon, constituted an entirety essential to the prosecution by plaintiff of its business; that said land and property could not be divided and sold in parcels without working irreparable injury to the plaintiff, and concluded as matter of law that each tract was exempt from taxation.  It further appeared that in a second case in the same court, after finding that the lands involved were the same lands as in the former action, the court recited that the question at issue in the former action was whether said lands were exempt from taxation under subd. 14, sec. 1038, Stats. 1898, and that it was therein determined that each and all of said tracts were exempt

under that statute. There was no mention in either finding of any errors in description, nor that the taxes were held void on that ground. *Held*, that so long as the facts as to the use of the parcels remained the same, the question as to their being exempt from taxation was settled between the parties and could not be reopened.

2. In such case, where, in reply to the court's question, defendant stated it had no proof. to offer as to *a changed condition or difference* of use of *any parcel* included in the *complaint*, it was not error to sustain plaintiff's objection to the introduction of any evidence by defendant.

3. In such case, the court was justified in assuming from such statement of defendant, that as to an additional parcel, not included in the former action, it had no additional proof to offer.

Appeal from a judgment of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Affirmed.*

This is an action in equity to set aside certain real-estate taxes levied by the city of Racine in the year 1902. The parcels of land on which the taxes were levied were a number of irregularly shaped tracts of land adjoining the tracks and switchyards of the plaintiff in the city of *Racine,* and the plaintiff claimed them to be exempt because necessarily used in the operation of the railway for its right of way, depot grounds and terminal yards. The complaint not only claimed exemption from taxes on these grounds, but upon the ground that the city was estopped for the reason that in two previous actions theretofore brought in the circuit court of Racine county, and involving taxes attempted to be levied upon the same lands in the years 1899, 1900, and 1901, said lands were adjudged to be exempt, which judgments were unappealed from and unreversed. The answer denied that the lands in question were necessarily used as a part of the plaintiff's right of way, depot grounds, or yards, and also denied that the previous judgments adjudged that the lands in question, as assessed in 1902, were exempt. Upon the trial the plaintiff introduced evidence generally in support of the allegations of the complaint, and introduced also the records of

the previous judgments, and objected to the introduction of any evidence by the defendants, on the ground that said previous judgments were conclusive, unless the defendants could show a change of use or situation of the lands. The defendants' attorney stating that he had no proof of changed condition or difference of use of any parcel named in the complaint, the objection was sustained. Findings were made to the effect that the lands in question were exempt, because they constituted a part of the right of way, depot grounds, and terminal yards of the plaintiff, and also constituted a part of the entirety; that they were occupied for the same purposes and in the same manner in the years 1899, 1900, and 1901, and that the previous judgments aforesaid conclusively estopped the defendants from further litigating the question of exemption so long as the use and occupation continued the same; that a certain additional parcel of land, described in the complaint in this action, which was not described in the previous actions, constitutes a part of the same general tract, and is occupied and used in the same manner. Upon these findings judgment was rendered for the plaintiff, setting aside the taxes, and the defendant city of *Racine* appeals.

*M. E. Walker,* for the appellant.

For the respondent there was a brief by *Kearney, Thompson & Myers,* and oral argument by *T. M. Kearney* and *W. D. Thompson.*

WINSLOW, J. The only question necessary to be considered in the present case is as to the conclusiveness of the former judgments. It is admitted that the lands involved in the present action are covered by the descriptions of lands involved in the previous action, save as to one parcel, which will be separately considered. But it is said that in the first of the previous actions the descriptions did not except the strips occupied by the railroad tracks which crossed the various parcels, while in the second action the descriptions were

the same, with the words "except right of way" added, and that in both actions the taxes were set aside on the ground of defective description, and not upon the ground that the lands were exempt.

Examination of the findings in the former cases shows that the contention cannot be sustained. In the first case, after describing the various parcels of land, the court finds as matter of fact that said lands "constitute portions of the right of way, depot grounds, railroad and terminal yards belonging to the plaintiff corporation at the city of *Racine* and adjoining its tracks in said city," and "that the lands so described as aforesaid, with the tracks, depots, and terminal yards thereon, constitute an entirety essential to the prosecution by the plaintiff of its business at the city of *Racine,* and that said lands and property cannot be divided and sold in parcels without working irreparable injury to the plaintiffs," and concludes as matter of law that each of said tracts as assessed is "exempt from taxation by the statutes of the state of Wisconsin." In the second case the court, after finding that the lands involved are the same lands involved in the former litigation, recites that the question in issue in said former case was whether said lands were exempt under the terms of subd. 14, sec. 1038, Stats. 1898, and that it was determined in said action that each and all of said tracts were exempt from taxation under said statute. There is no mention in either finding of any errors in description, nor is it even hinted that the taxes were held void on that ground.

These former judgments being so clearly based upon the finding that the lands were exempt from taxation on account of their use, it is very apparent that the question was actually litigated and decided in those cases, and that so long as the facts as to the use of the parcels remain the same the question is settled between the parties and cannot be reopened. The defendants expressly stated, in reply to the court's question, that they had "no proof to offer as to a *changed condi-*

*tion or difference* of use of *any parcel* of land included in the complaint," and upon this statement the court held the previous judgments conclusive, and sustained the plaintiff's objection to the introduction of any evidence by the defendants. This rule was evidently right. Unless there was a change of condition or use, the question of exemption was not open between the parties.

One additional parcel of land was included in the present action which had not been included in the previous action, and the court found upon sufficient evidence that it was "part of the same general tract of land, and was and is occupied and used in the same manner and for the same purposes as were the lands described in and referred to in" the previous actions, and hence was exempt. This finding was based upon sufficient evidence; but it said that, by ruling out all evidence except as to change of conditions, the defendants were wrongfully deprived of an opportunity to contest the question of the taxability of this parcel. Reference to the bill of exceptions shows that there was quite a colloquy between court and counsel when the motion to exclude all evidence under the answer was made, and no mention was made by counsel of any desire to submit proof as to this one parcel, nor was there any suggestion that it was in a different situation from the balance of the land. In fact, counsel's final statement was that he had no proof to offer as to changed condition *or difference of use* of *any parcel* of land included *in this complaint.* Had counsel offered proofs as to the use of this particular parcel, the court would doubtless have heard them; but we think the court was entirely justified in assuming from this remark that he had none to offer.

*By the Court.*—Judgment affirmed.